**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GrandMaster G-Man Meadows, et al., | No. CV-24-02292-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Yuma City Housing Rehabilitation Program, et al., | |
| Defendants. | |

Plaintiffs GrandMaster G-Man Meadows and Veronica Meadows (collectively, "the Meadowses") filed this suit against defendants "City of Yuma Housing Rehabilitation Housing Program," Raul Gutierrez, and "'D Pair Development." (Doc. 1.) The Meadowses also requested leave to proceed in forma pauperis. (Doc. 5.) Based on the financial information provided, the Meadowses are entitled to proceed in forma pauperis. However, when plaintiffs proceed in forma pauperis "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The current complaint is dismissed because it does not provide sufficient factual allegations to state any claim for relief against the identified defendants.

## I.      Background

The complaint is challenging to understand but it appears this suit involves allegedly shoddy repair work done on the Meadowses' home in Yuma. The complaint alleges the "City of Yuma Housing Rehabilitation Program is a Humanitarian Government Funded

Program" meant "to alleviate immediate health and safety issues in [a] home." (Doc. 1 at 2.) This program pays third parties to perform repair work on the homes of Yuma residents who qualify for assistance. The Meadowses qualified for assistance in repairing their home, including their home's electrical wiring and windows. In January 2022, the Meadowses "turned their home over" to "Housing Rehabilitation . . . Contractor" defendant Raul Gutierrez of defendant 'D Pair Development LLC. (Doc. 1 at 3.) Gutierrez informed the Meadowses the windows needed to be ordered "immediately" but the windows were not ordered until June 2022.

Although the windows were not ordered for many months, other repair work seems to have begun in January 2022. (Doc. 1 at 3.) In attempting that repair work, Gutierrez and 'D Pair Development "[c]completely destroy[ed]" the Meadowses' home, "making it unsafe and susceptible to catching on fire and the roof caving in." (Doc. 1 at 4.) On June 1, 2022, the "City of Yuma Housing Rehabilitation Program Assistant Director" asked the Meadowses "to attend a final walk through of [their] home." (Doc. 1 at 3.) The "Head of the Code Department of the City of Yuma" also attended the walk through but "did not know what was going on at all." (Doc. 1 at 3.) Gutierrez did not attend the walk through.

On June 7, 2022, the Meadowses received a "threatening and intimidating letter" from City of Yuma prosecutors. (Doc. 1 at 3.) That letter was in response to the Meadowses "inquiring" why the repair work on their home "was not being done . . . as specified by the scope of work in the contract." (Doc. 1 at 4.) Between June 2022 and August 23, 2022, the Meadowses received "five threatening and intimidating letters" from the prosecutors. (Doc. 1 at 4.)

On July 5, 2022, the Meadowses received their house key back from the City of Yuma. (Doc. 1 at 4.) On July 7, 2022, the Meadowses entered their home and discovered Gutierrez and two other individuals in the home installing windows. (Doc. 1 at 4.) No one had asked the Meadowses for permission to enter their home on that date. (Doc. 1 at 5.)

Based on these events, the Meadowses filed this suit attempting to pursue ten claims (confusingly numbered one through eight instead of one through ten). Those claims are all

brought against the housing program, Gutierrez, and 'D Pair Development. Those ten claims are a mix of civil and criminal claims. As for harm, the Meadowses claim the events resulted in the loss of their "Rights to Self-Determination," "their ability to generate sufficient income," and their "Outstanding Reputation as Up-Standing Citizens." (Doc. 1 at 5.) The Meadowses also suffered cancer, pulmonary disease, "Thirty-Five Day[s] on a Ventilator," "No Sex Drive," and "Extreme Hair loss [and] Extreme teeth loss." (Doc. 1 at 5.)

Based on the alleged harm, the Meadowses seek monetary damages of approximately $30 million as well as the imprisonment of defendants, a place to stay while their home is repaired, and two employees to help with moving personal items out and then back into their home. (Doc. 1 at 5.)

## II. Analysis

The Meadowses may pursue their claims only if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). This is not a "probability requirement," but a requirement that the factual allegations show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64.

### A. Improper Defendant

The Yuma City Housing Rehabilitation Program is not a proper defendant. A "program" pursued by the City of Yuma is an abstract entity that cannot be a defendant in a lawsuit. Even assuming the City of Yuma has formally established a subpart known as the Housing Rehabilitation Program, that subpart would still not be an entity that can be sued. *See, e.g.*, *Blansette v. Scottsdale Hous. Agency*, No. CV-17-02878-PHX-SPL, 2018

WL 11244855, at *1 (D. Ariz. Oct. 12, 2018) (finding Scottsdale Housing Agency a non-jural entity); *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) (county sheriff's office is a nonjural entity). The Yuma City Housing Rehabilitation Program is therefore dismissed.

### B. Executive Order

The Meadowses are attempting to pursue a claim under Executive Order 13985, titled Advancing Racial Equity and Support for Underserved Communities Through the Federal Government, and issued on January 20, 2021. (Doc. 1 at 7.) That Executive Order provides in part that it is "not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." 86 FR 7009. That language indicates there was no intent to create a private right of action under the order. *See Utley v. Varian Assocs., Inc.*, 811 F.2d 1279, 1286 (9th Cir. 1987) (concluding intent is relevant to evaluating whether Executive Order authorizes private right of action). Therefore, this claim is dismissed without leave to amend.

### C. Criminal Claims

The Meadowses are attempting to pursue criminal claims in three counts: criminal damage (Ariz. Rev. Stat. § 13-1602), false advertising (Ariz. Rev. Stat. § 13-2203), and threatening or intimidating (Ariz. Rev. Stat. § 13-1202). (Doc. 1 at 9–11.) In Arizona, "[t]he general rule is that no private cause of action should be inferred based on a criminal statute where there is no indication whatsoever that the legislature intended to protect any special group by creating a private cause of action by a member of that group." *Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 877 P.2d 1345, 1350 (Ariz. Ct. App. 1994). The Meadowses have not identified any basis to conclude the criminal statutes they cite can be enforced by private parties. Therefore, these claims are dismissed without leave to amend.

### D. Universal Declaration of Human Rights

The Meadowses claim defendants have violated the "Universal Declaration of Human Rights." (Doc. 1 at 8.) The provisions of that document cannot be enforced through

a lawsuit in federal court. *See Sosa v. Alvarez–Machain*, 542 U.S. 692, 734 (2004). This claim is dismissed without leave to amend.

### E.  National Electrical Code

The Meadowses allege defendants violated the "National Electrical Code." (Doc. 1 at 10.) There is no private right of action directly under the National Electrical Code. This claim is therefore dismissed without leave to amend.

### F.  Fourteenth Amendment

The Meadowses allege defendants violated the Fourteenth Amendment's Equal Protection clause. (Doc. 1 at 6.) Assuming the Meadowses are attempting to assert a claim pursuant to 42 U.S.C. § 1983, they have not alleged sufficient facts. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."). Because the Housing Rehabilitation Program has been dismissed, the only remaining defendants are Gutierrez and 'D Pair Development. Those two defendants likely do not qualify as "state actors" that can be sued for violating the Meadowses' constitutional rights. But the § 1983 claim would also fail for reasons beyond that threshold requirement.

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The complaint does not allege the Meadowses are part of a protected class. Thus, this claim fails at the "first step" of an Equal Protection claim and is dismissed with leave to amend. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

If the Meadowses chose to amend this claim, they must identify an appropriate defendant, the relevant protected class, and the factual basis for their belief that they were treated differently than others who were similarly situated.

### G. Breach of Contract

The Meadowses allege defendants breached a contract (Doc. 1 at 8) but do not offer any specifics regarding the terms of the contract or how it was breached. *See Thomas v. Montelucia Villas*, LLC, 302 P.3d 617, 621 (Ariz. 2013) (recognizing elements of breach-of-contract claim). The Meadowses allege defendants "[f]ail [sic] to perform the contract . . . by the due date 3/4/2022, either very poor quality, incompletely or not at all." (Doc. 1 at 3.) A complaint merely containing "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Meadowses have not offered sufficient factual allegations regarding the terms of the contract and how it was breached. The Meadowses may amend this claim provided they can offer significantly more facts explaining what occurred.

### H. Arizona Property Rights

The Meadowses attempt to allege a claim under "Article 2, Section 17 of the Arizona Constitution," as well as "Article 2.1 Private Property Rights Protection Act." (Doc. 1 at 10-11.) The latter law is found at Ariz. Rev. Stat. § 12-1136. Because the Housing Rehabilitation Program has been dismissed, there is no clear government defendant who might be liable under the cited provisions for taking the Meadowses' property. In addition, it is unlikely that shoddy repairs to the Meadowses' home, completed by a private contractor through a governmental program, would ever qualify as a taking of property that would require compensation. The Meadowses may amend this claim provided they identify a plausible governmental defendant and facts supporting a cognizable takings theory. *See, e.g., City of Yuma v. Lattie*, 572 P.2d 108, 111-113 (Ariz. Ct. App. 1977).

Accordingly,

**IT IS ORDERED** the Amended Application for Leave to Proceed In Forma Pauperis (Doc. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITH LIMITED LEAVE TO AMEND**. No later than **October 23, 2024**, Plaintiffs may file an amended complaint asserting claims under 42 U.S.C. § 1983, breach of contract, and the

Arizona Constitution. Plaintiffs must not reallege claims involving the Executive Order, the Universal Declaration of Human Rights, or the National Electrical Code. Plaintiffs also must not reallege any criminal claims.

**IT IS FURTHER ORDERED** the Clerk of Court is directed to enter a judgment of dismissal without prejudice if no amended complaint is filed by **October 23, 2024**.

Dated this 8th day of October, 2024.

Honorable Krissa M. Lanham
United States District Judge